UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURIE LOONEY,

    Plaintiff,

vs.                                      Case No.: 8:07-cv-1020-T-17TBM

PROTECTIVE LIFE INSURANCE
COMPANY and JOSEPH CIACCIO,

    Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Defendant's, Protective Life Insurance ("Protective Life"), Motion to Dismiss Count I of Plaintiff's, Laurie Looney ("Plaintiff"), Complaint for Failure to State a Claim (Docket No. 6), and Plaintiff's Response thereto, (Docket No. 17). Additionally, this cause is before the Court on Defendant's, Joseph Ciaccio, Motion to Dismiss Count II of Plaintiff's Complaint for Failure to State a Claim (Docket No. 8) and Plaintiff's Response thereto (Docket No. 18). Also, this cause is before the court on Plaintiff's Motion to Remand (Docket No. 16) and Protective's Opposition thereto (Docket No. 21).

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff filed a two-count Complaint on June 14, 2007 in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County Florida. (Docket No. 2). Count I asserts a claim of Breach of Contract against Protective Life (Id. at 6) while Count II asserts a negligence claim against Plaintiff's insurance agent, Joseph Ciaccio (Id. at 7). On June 14, 2007 Protective Life

entered a Notice of Removal (Docket No. 1). The case was removed to Federal District Court for the Middle District of Florida, and is before this Court on consideration of Plaintiff's Motion to Remand, and both Defendants', Protective and Joseph Ciaccio, Motions to Dismiss. The following facts are alleged and taken as fact for the purpose of resolving the instant motions.

On or about April 24, 2001, Plaintiff's husband, Timothy M. Looney, applied for and obtained a $500,000.00 term-life insurance policy from Zurich Kemper Insurance Company, a foreign corporation. (Docket No. 2 at 2) Defendant Joseph Ciaccio, a Florida resident, represented Mr. and Mrs. Looney as insurance agent. (Id. at 2). Plaintiff, a Florida resident, was the primary beneficiary. (Id. at 3). Monthly payments for the policy premium were automatically debited from the Looneys' bank account. (Id.) In August, 2002, the Looneys' moved to a new address in Hillsborough County, Florida, with Mr. Looney's business address remaining the same as was indicated on the initial paperwork for the policy. (Id. at 3-4).

In 2003, Zurich Kemper Insurance Company was purchased or succeeded by Banc One. (Id. at 3). The next year, Banc One underwent a name change to Chase Insurance Life and Annuity Company ("Chase"). (Id.) Notice of the name change was sent to all policy holders. However, the notice sent to Mr. Looney was returned as he was no longer at the home address listed on the policy. (Id.) Subsequent communications to Mr. Looney were all returned to sender, as each was mailed to his former home address that was still reflected on his policy. (Id.) Despite the numerous returned communications, Chase did not make any attempt to contact Mr. Looney at his place of business. (Id. at 4).

In approximately October, 2006, Mr. and Mrs. Looney noticed that their bank account was being debited by: "ACH withdrawal Chase InsPayment" in the amount of $33.50. (Id.) They did not recognize the name of the company, and contacted Chase to inquire about the debit. (Id.) A Chase representative incorrectly informed them that that neither Timothy nor Laurie Looney


were insureds and that they did not have life insurance with the company. (Id.) The Looneys made a one-time stop payment of the debit, which they believed to be illegitimate, with the expectation that they would be informed by the company if any policy were going to lapse. (Id.) As a result of the stop payment, Chase sent additional notices, again to the old home address. (Id. at 5) These were again returned, and the policy lapsed as the premium had not been paid. (Id.) Chase notified the Looneys' insurance agent, Joseph Ciaccio of the lapse. (Id.) Mr. Ciaccio did not inform the Looneys of the lapse, nor did he take any action to prevent the lapse. (Id.) The Looneys did not learn of the lapse until they contacted Mr. Ciaccio regarding another insurance matter on or about January 9, 2007. (Id.) At that time, Mr. Ciaccio informed Mrs. Looney that the policy had lapsed. (Id.) Mrs. Looney responded by stating that she wanted the policy reinstated, but Mr. Ciaccio took no steps to do so. On January 19, 2007, Mr. Looney died without an active life insurance policy. (Id. at 6).

On or about April 1, 2007 Chase merged with Protective Life Insurance Company ("Protective").

On June 14, 2007 Plaintiff filed a two-count complaint in state court. Count I alleged breach of contract against Protective Life Insurance, through its previous name Chase. The complaint alleges that Protective breached its contract with Plaintiff by: (1) misrepresenting that Mr. and Mrs. Looney did not have a policy with the company; and (2) failing to provide notice even though the company had Mr. Looney's correct business address and telephone number. (Docket No. 2 at 6)

Count II alleged negligence against Mr. Ciaccio. The complaint alleges that Mr. Ciaccio was negligent in that he (1) failed to advise Mr. and Mrs. Looney that the policy would expire; (2) failed to contact Mr. Looney at his business address; and (3) failed to take action to reinstate the policy as instructed by Plaintiff. (Docket No. 2 at 8).

## STANDARD OF REVIEW

### A. Standard for Motion to Dismiss for Failure to State a Claim

Any defendant to a complaint may move to dismiss under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." See Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of circumstances that would entitle her to relief. Am. Ass'n of People with Disabilities v. Smith, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. Ancata v. Prison Health Services, Inc., 769 F. 2d 700, 703 (11th Cir. 1985). A dismissal of the complaint is appropriate when, on the basis a dispositive issue of law, no construction of the actual allegation of a complaint will support the cause of action. Exective 100, Inc. v. Martin County, 922 F.2d 1156 (11th Cir. 1991). A trial court is required to view the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974).

### B. Standard for Motion to Remand for Fraudulent Joinder

Any Civil case filed in state court may be removed to federal court if the case could have originally been brought in federal court. See 28 U.S.C. §1441(b). Additionally, a case may be case may be removed by a defendant if the amount in controversy exceeds $75,000.00 and the action is amongst parties that are completely diverse, that is when none of the defendants is a citizen of the same state as any of the plaintiffs. See 28 U.S.C. §1332(c)(1). Any party may remand a removed case back to state court "at any time it appears the district court lack subject matter jurisdiction...." 28 U.S.C. §1447(c). Defects in subject matter jurisdiction include a lack of diversity of citizenship among the adverse parties. Amundson & Assoc. Art Studio, Ltd. V.

Nat'l Counsel on Compensation Ins., Inc., 977 F. Supp 1116 (D.Kan 1997). When a defendant is improperly joined into an action, and that joinder improperly defeats diversity, the joinder is fraudulent and the case will not be remanded. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Fraudulent joinder does not focus, nor depend, upon proof of fraud or lack of candor, but rather: (1) whether any cause of action is stated against the resident defendant; and, if so; (2) whether a cause of action is against the resident defendant in fact exists. Katz v. Costa Armatori, S.P.A., 718 F. Supp. 1508, 1513 (S.D. Fla. 1989).

## DISCUSSION

Protective Life seeks to dismiss Count I of this Complaint for failure to state an actionable claim under Federal Rules of Civil Procedure, rule 12(b)(6). Mr. Ciaccio seeks to dismiss Count II, also for failure to state an actionable claim under Fed. R. Civ. P 12(b)(6). Whether Plaintiff's Motion to Remand is granted is ultimately dependant on the fate of Count II, as Mr. Ciaccio is a Florida resident and thus destroys the complete diversity necessary for Federal subject matter jurisdiction if he remains in the case. The motions are analyzed independently.

**A. Protective Life's Motion to Dismiss:**

Plaintiff has properly entered a claim for breach of contract against Defendant Protective Life. In order to properly allege a breach of contract claim, Plaintiff must show (1) that a contract exists, (2) that the contract has been breached, and (3) that some damage has occurred. Knowles v. C.I.T Corp., 346 So. 2d 1042 (Fla. 1st DCA 1977). (Holding that the burden of proof is on the claimant to show by preponderance of evidence existence of contract, breach thereof, and damages flowing from the breach.) The required threshold for showing that these elements is very low. Anacata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985). In order

to dismiss this claim, there must be no doubt that Plaintiff can prove no set of circumstances that would entitle her to relief. Am. Ass'n of People with Disabilities v. Smith, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002).

There is no dispute that a contract exists. Plaintiff has attached a valid contract for life insurance to the complaint, policy number FK2993584. (Docket No.2, Ex. 2). The fact that the contract had expired does not negate its existence or its validity. A cancelled or expired contract for insurance coverage satisfies this requirement. See Tench v. American Reliance Ins. Co., 671 So.2d 801 (Fla. 3d DCA 1996).

There is clearly a valid claim made for breach of the insurance contract. In her complaint, Plaintiff has suggested that Protective Life misrepresented that the Looneys were not insured by the company; that Protective Life failed to use the alternate contact information available on file to notify the Looneys of their expiring contract; and that Protective Life refused to make payment under the policy. (Docket No. 2 at 4-6).

Plaintiff has made a valid allegation of damages. The insurance policy provided coverage in the amount of $500,000.00. (Id. at 2). If failure to make payments on the insurance contract is found to be a breach, then the $500,000.00 amount is clearly a directly resulting damage.

After reviewing and considering Plaintiff's allegations, evidence and arguments, this Court denies Protective Life's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Protective has failed to meet its heavy burden of showing no actionable claim. Additionally, this Court denies Protective Life's alternative Motion to Strike or to require a more definitive statement.

**B. Joseph Ciaccio's Motion to Dismiss**

Under Florida law, an insured's cause of action against an agent for negligence does not accrue until the proceedings against the insurer are final. Blumberg v. USAA Casualty Ins. Co., 790 So.2d 1061 (Fla. 2001). In Blumberg, the Court held that "a negligence/malpractice cause of action accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings...." Id. at 1065. In that case, an insured brought action against an insurance agent for negligent failure to procure coverage for valuable property stored in a house he owned. The court reasoned that because the plaintiff was involved in an action that claimed that he was entitled to coverage, he was judicially estopped from claiming a lack of coverage against the agent. Id.

Similarly, in this case, Plaintiff has not incurred damages until the breach of contract suit with Protective Life is settled. In this action, Plaintiff claims that she is entitled to coverage. If she is successful in that action, then she is covered under the existing policy, and has suffered no damages due to the alleged negligence claim of Mr. Ciaccio. If she is not awarded the $500,000.00 then she has suffered damages and may, at that time, initiate action against the agent.

Plaintiff has insisted that if her claim is deemed premature, that a stay or abatement is appropriate, rather than dismissal. (Docket No. 18 at 7). In making her argument, she raises a valid concern regarding the possibility of inconsistent decisions between separate juries. However, as in Blumberg, Plaintiff cannot make a claim for the negligence of her agent in allowing a contract to lapse while simultaneously claiming she is covered under that contract. When the mere passage of time is insufficient to cure the premature element of the action, as it is here, dismissal without prejudice is appropriate. See Brocato v. Health Options, Inc., 811 So.2d 827 (Fla. 2d DCA 2002); see also Allstate Ins. Co. v. Zehr, 2006 WL 2850438 at 6 (M.D. Fla. 2006) (holding that third party action against an insurance agent was premature while an action

7

was ongoing to decide whether denial of coverage was proper). Plaintiff has suggested that additional damages may be available beyond the actual coverage, but has not sought any such damages, only seeking the $500,000.00 policy amount.

This Court finds that the action brought against defendant Joseph Ciaccio is premature, and grants Defendant's motion to dismiss without prejudice.

### C. Plaintiff's Motion to Remand

As stated above, Plaintiff cannot properly state a claim against Defendant Joseph Ciaccio, as any action would be premature pending the result of the breach of contract claim against Protective Life. Under U.S.C 1332 §(c)(1), a case can be properly removed to federal court if the amount in controversy is greater than $75,000.00 and the parties are completely diverse— that is, no plaintiff is a resident of the same state as any defendant. The amount in controversy is $500,000.00, clearly in excess of the required $75,000.00. Without an actionable claim against Mr. Ciaccio, we are left with two diverse parties.

This Court finds that there is no subject matter or diversity jurisdiction defect that would allow for a proper remand of this case to state court. Plaintiffs Motion to Remand is, therefore, denied.

### CONCLUSION

Plaintiff has presented a proper claim against Defendant Protective Life. However, any action against Defendant Joseph is premature pending resolution of the action against Protective Life. As such, the two remaining parties of this action are completely diverse in citizenship and have been properly removed to Federal Court. Accordingly, it is

**ORDERED** that Protective Life's Motion to Dismiss (Docket No. 6) be **DENIED** and that Defendant Joseph Ciaccio's Motion to Dismiss (Docket No. 8) be **GRANTED** without prejudice, and he is terminated from the case, as any action against him is premature. Additionally, it is **ORDERED** that Plaintiff's Motion to Remand (Docket No. 18) be **DENIED**. Protective Life has ten days from this date to answer the complaint.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 6th day of September, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record